IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01205-PSF-MJW

OSCAR MUNOZ;
JUDI ALLEN;
JENNIFER BATER;
THOMAS A. CULLEN;
MILES L. DAVENPORT;
ROBERT FUEHR;
CLAUDIA GRAY;
W. DOUGLAS HICKEY;
DON A. JOHNSON;
BOB KOENIG;
ALAN KOENIGSBERG;
JERI L. KORSHAK;
STEVE LANG;
RONALD B. RINKLE;
DAVID G. SEYKORA; and
JERRY WOLFER,

     Plaintiffs,

v.

AT&T CORP., a New York corporation,

     Defendant.

## ORDER DENYING JOINT MOTION TO STAY ACTION AND VACATE SCHEDULING ORDER

This matter comes before the Court on the joint motion of Plaintiff Oscar Muniz and Defendant AT&T requesting a stay of this action and vacating of the scheduling order (Dkt. # 41), filed January 24, 2007. For the reasons set forth below, this motion is DENIED.

This case was brought to this Court on June 22, 2006 when defendant removed it from the Denver District Court. Plaintiffs' complaint asserted that this is a case to recover the value of AT&T Wireless stock options held by plaintiffs, former executives and officers of defendant and other telecommunications companies that had stock arrangements with defendant (Dkt # 1, Exhibit A at 2).

On July 31, 2006, defendant moved to dismiss, or alternatively to compel arbitration, of the claims of all plaintiffs other than Plaintiff Muniz (Dkt. # 25). By stipulation filed September 11, 2006 the parties agreed to stay litigation of the claims of all plaintiffs, other than Plaintiff Muniz, pending arbitration of their claims (Dkt. # 28). By Order entered September 12, 2006 (Dkt. # 29) this Court granted the requested stay.

Thereafter, it appears that Plaintiff Muniz, a former AT&T employee who allegedly received AT&T stock options, and defendant proceeded with his claims, agreeing to a scheduling order on September 21, 2006, and setting deadlines for the completion of discovery and filing of dispositive motions, with a Final Pretrial Conference set for August 27, 2007 (Dkt. # 37). However, it is not clear that any discovery was taken, as minutes of a status conference before the Magistrate Judge held on October 5, 2006 indicate plaintiff's counsel as stating no formal discovery has begun, but written discovery will soon be sent out (Dkt. # 40). Now the parties come to the Court three months thereafter and request to indefinitely stay this case pending the outcome of litigation in the Delaware Chancery Court which involves options of another employee from the same or similar transaction as that involving plaintiff's options.

While the parties may well be correct that resolution of the Delaware case "could be a factor in narrowing the issues relevant to this litigation and may assist in the resolution of this case" (Motion at 2), there is no demonstrated certainty of such an outcome and there is no need to stay this case pending such resolution. If the parties wish to stipulate to a dismissal without prejudice of this case pending resolution of the Delaware case, they may do so. The capable counsel here surely know how to preserve plaintiff's claims against the running of the statute of limitations and otherwise maintain the *status quo* if that is what they wish to stipulate to without the case remaining dormant on this Court's docket. Otherwise, this case shall proceed under the scheduling order entered in September 2006.

Accordingly, the Joint Motion to Stay Action and Vacate the Scheduling Order is DENIED.

DATED: January 25, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____
Phillip S. Figa
United States District Judge