IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01205-PSF-MJW

OSCAR MUNOZ, et al.,

Plaintiffs,

v.

AT&T CORP.,

Defendant.

---

MINUTE ORDER

---

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Defendant AT&T Corp.'s Motion to Amend Its Answer (Docket No. 58) is **GRANTED**. The tendered Amended Answer and Defenses to Claims of Oscar Munoz is accepted for filing.

The motion was filed after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .

> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

2

<u>Pumpco, Inc. v. Schenker Int'l, Inc.</u>, 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted).  This court finds that the defendant has satisfied this first step in the analysis and has established good cause to extend the deadline within which it may seek leave to amend its answer.

The second step is consideration of whether the defendant has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires."  Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

<u>Id.</u> at 669 (citation omitted).  Based upon this standard, and substantially for the reasons stated in the motion to amend and the reply, this court finds that the proposed amendment should be permitted.  There has been no undue delay, there is no evidence of bad faith or dilatory tactics, and it is not clear that the amendment is futile.  The court notes that no trial date has been set in this matter.  In the event the parties believe that additional discovery is warranted in light of this amendment, they may move to reopen discovery for a reasonable period and to alter any other deadlines.  <u>Id.</u>  Thus, any prejudice that might arise from this amendment is capable of being cured.  <u>Id.</u>

Date: August 3, 2007 _____