IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01205-WDM-MJW

OSCAR MUNOZ; JUDI ALLEN; JENNIFER BATER; THOMAS A. CULLEN; MILES L. DAVENPORT; ROBERT FUEHR; CLAUDIA GRAY; W. DOUGLAS HICKEY; DON A. JOHNSON; BOB KOENIG; ALAN KOENIGSBERG; JERI L. KORSHAK; STEVE LANG; RONALD B. RINKLE; DAVID G. SEYKORA; and JERRY WOLFER

    Plaintiffs,

v.

AT&T CORP, a New York corporation

    Defendant.

**ORDER CERTIFYING AS A FINAL JUDGMENT UNDER FED.R.CIV.P. 54(B) THAT PORTION OF THE MARCH 24, 2008 JUDGMENT DISMISSING OSCAR MUNOZ'S CLAIM AGAINST AT&T**

Upon consideration of Plaintiff Oscar Munoz's Unopposed Motion for Order Certifying that Portion of the March 24, 2008 Judgment Dismissing Oscar Munoz's Claim Against AT&T as a Final Judgment Under Fed.R.Civ.P. 54(b),

THE COURT FINDS AND CONCLUDES:

1.    On February 15, 2008, the Court issued an "Order on Pending Motions" in which the Court granted AT&T's Motion for Summary Judgment against Munoz.

2.    On March 18, 2008, the Court issued an "Order Directing Dismissal of Remaining Claims and Entry of Final Judgment" in which the Court directed the Clerk of the Court to enter a final judgment on Munoz's claims in favor of AT&T, and to dismiss without prejudice the claims of all Plaintiffs other than Oscar Munoz (the "Dismissed Plaintiffs").

3. On March 24, 2008, the Clerk of the Court, as directed by the Court, entered judgment against Munoz and dismissed his claim, and also dismissed without prejudice the claims of all the Dismissed Plaintiffs.

4. Rule 54(b) provides in pertinent part:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

5. Certification under Rule 54(b) is appropriate when the district court "adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that its judgment is final. Second, the district court must determine that no just reason for delay of entry of its judgment exists." *Stockman's Water Company, LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (internal citations omitted).

6. Factors the district court should consider are "whether the claims under review are separable from the others remaining to be adjudicated and whether the nature of the claims already determined are such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* (internal punctuation omitted).

7. Munoz brought his claim against AT&T under the provisions of his personal severance agreement with AT&T. The Dismissed Plaintiffs brought their claims against AT&T under the provisions of a 1994 MediaOne Group, Inc. stock incentive plan. The Dismissed Plaintiffs' claims against AT&T thus arise under a different operable contract than does Munoz's claim against AT&T.

8. Additionally, the Dismissed Plaintiffs and AT&T have agreed to arbitrate the Dismissed Plaintiffs' claims. That arbitration proceeding has been commenced. The merits of the Dismissed Plaintiffs' claims against AT&T will thus be resolved through binding arbitration. Therefore, the Dismissed Plaintiffs' claims will only ever come before the Court, or the Tenth Circuit Court of Appeals, on the limited basis of a motion to confirm or motion to vacate the arbitration award.

9. The issues of Munoz's appeal (the grounds on which the Court granted summary judgment against Munoz) are thus separable from the claims of the Dismissed Plaintiffs, and the Tenth Circuit Court of Appeals would not have to decide those same issues more than once even if the Dismissed Plaintiffs' claims were subsequently appealed to the Tenth Circuit following arbitration.

UPON THE FOREGOING,

IT IS ORDERED that the Court hereby directs entry of final judgment pursuant to Fed.R.Civ.P. 54(b) in favor of Defendant AT&T Corp. and against Plaintiff Oscar Munoz as set forth in the March 24, 2008 Order.

IT IS FURTHER ORDERED that the Court expressly determines that there is no just reason for delay in the entry of final judgment.

Dated this 13th day of June, 2008.

BY THE COURT

s/ Walker D. Miller
_____
United States District Judge